UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LAURINDA DEPINA,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | :     C.A. No. 23-00249-JJM-PAS |
| | : |
| DANIEL E. CAMPBELL, et al.,<br>　　　　Defendants. | :<br>: |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

     On February 12, 2024, the Court issued a Text Order directing *pro se* Plaintiff Laurinda Depina to submit new summonses with correct addresses for each named Defendant within fourteen days. Text Order of Feb. 12, 2024. She did not comply. Instead, on the due date, she filed three motions – one requests an extension of time to serve the summonses and complaint and two request service of process by the United States Marshals Service ("USMS"). ECF Nos. 8, 10, 11.[1] Also related to service of the summonses, she filed two Exhibits, A and B, and a "Judicial Notice." ECF Nos. 9, 9-1, 12. The three motions have been referred to me for determination.

     Having carefully reviewed the motions and having examined Exhibits A and B and the Judicial Notice, I find that Plaintiff has already had the benefit of a Court order mandating service by USMS, that USMS made a timely attempt to serve each Defendant, and that Plaintiff has failed to demonstrate good cause for her failure to do anything to timely serve the summonses and complaint on any Defendant. Nevertheless, as to certain Defendants (Daniel Campbell, Anthony Troy and Mark Assad), the Court exercises its discretion to grant the motion to extend the time to serve by thirty days from the issuance of this memorandum and order.

---

[1] ECF No. 10 and ECF No. 11 are identical.

During the extension, USMS is directed to make reasonable efforts, including without limitation, further inquiry of the local office of the Bureau of Alcohol Tobacco and Firearms ("ATF") regarding the present location of Defendant Daniel Campbell and of the Boston Police Department regarding the present location of Defendants Anthony Troy and Mark Assad; if information is learned regarding their present location, USMS is instructed to make a further attempt to serve each of them with the previously issued summonses and the complaint. Otherwise, the motions are denied. Plaintiff is cautioned that, as to the remaining Defendants, her complaint is at risk of dismissal without prejudice.

## I. Background

Filed on June 13, 2023, Plaintiff's complaint relies on 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), and alleges violations of her rights under the Fourth, Fifth and Fourteenth Amendments. ECF No. 1.[2] She claims that she resides at 15 Beacon Street, Central Falls, Rhode Island, ("15 Beacon Street") and that she was injured by a search targeting an individual named Daniel Barbosa[3] performed at her residence on June 16, 2020, pursuant to a search warrant[4] that issued on June 15, 2020. Id.

---

[2] Plaintiff's filings have been interpreted with the leniency required for any *pro se* litigant. De Barros v. From You Flowers, LLC, 566 F. Supp. 3d 149, 152 (D.R.I. 2021).

[3] Not mentioned in the complaint, but contained in one of the pages Plaintiff attached as Exhibit A is the factual statement that Plaintiff "is the mother of Daniel BARBOSA." ECF No. 9 at 9. Also ascertainable from Exhibit A is that an arrest warrant was issued by the District of Massachusetts for Daniel Barbosa and executed on the same day as the search of 15 Beacon Street; Daniel Barbosa was arrested that day at a different location. Id. at 11.

[4] As the judicial officer who found that the supporting affidavit established probable cause and signed the search warrant, I have considered whether 28 U.S.C. § 455 requires me to disqualify myself from this case. Because I have personal knowledge only of the undisputed content of the warrant application and no personal knowledge of the matters that are likely to be the disputed evidentiary facts in this proceeding, I conclude that I do not. Therefore, in recognition of my duty to sit, I have not disqualified myself. See Seguin v. Textron, No. 13-cv-012-SJM-LM, 2013 WL 5704953, at *1 (D.R.I. Oct. 17, 2013) (unnecessary recusals are to be avoided; judge has duty to recuse if impartiality can reasonably be questioned, but otherwise, has duty to sit).

¶¶ 3, 7, 10, 15-17.  She charges that the search warrant was supported by the affidavit of the lead Defendant, Special Agent Daniel E. Campbell of ATF.  Id. ¶¶ 10-12, 25.

Plaintiff's complaint makes three claims.  First, she alleges that unspecified "Defendants regularly conducted pole camera surveillance at 15 Beacon Street," including the "rear driveway of [her] private residence"; she alleges that this surveillance was conducted without a court order or warrant and was relied on by Defendant Campbell in his affidavit supporting the warrant for the search of 15 Beacon Street.  ECF No. 1 ¶¶ 8-9, 46.  Second, she claims that Defendant Campbell's affidavit supporting the warrant application did not identify the garage or basement of 15 Beacon Street as locations to be searched, but those areas were searched, exceeding the scope of the search warrant.  Id. ¶¶ 11, 19.  Third, she contends that Defendant Campbell's affidavit (1) was legally insufficient in that he relied on stale information (an isolated drug transaction by Mr. Barbosa in 2017), hunches and speculation; and (2) was knowingly false in averring that Mr. Barbosa resided at 15 Beacon Street in that, at the time of the search, Mr. Barbosa had been released on bail for an unspecified crime with the condition that he reside elsewhere on curfew/home confinement.  Id. ¶¶ 7, 13, 25.  Plaintiff alleges that the improper search was conducted by law enforcement officials of ATF, the Boston Police Department, and the Central Falls Police Department under the supervision of Defendants Anthony Troy and Mark Assad, who are alleged to be Boston Police Department officers.  Id. at 2 & ¶ 16.  Plaintiff alleges that she was present at the time of the search, that her home and property were damaged, and that her cash and jewelry were seized.  Id. ¶¶ 17-18, 39.

Plaintiff filed this lawsuit on June 13, 2023, just days before the three-year statute of limitations would have barred this suit.  Suing them in their individual capacities, she names Defendant Campbell, the ATF special agent who signed the affidavit supporting the warrant

3

application, and the two Boston Police Department officers, Defendants Troy and Assad, who supervised the search. ECF No. 1 at 2 & ¶¶ 10, 16. In addition, with only wholly conclusory allegations to support the basis for their joinder, she names fifteen other individuals and one John Doe, identified as a Central Falls Police Officer, all also sued individually. Of the fifteen regarding whom the complaint lacks any "well-pled factual allegations," Garcia v. Terrico, C.A. No. 24-012WES, 2024 WL 1198167, at *2 (D.R.I. Mar. 20, 2024), three are identified only by last name or with an initial only for the first name (Defendants O'Brien, Bellivue, and K. Plunkett).

One day after the complaint was filed, the Court granted Plaintiff's *in forma pauperis* ("IFP") motion and, in compliance with Laurence v. Wall, 551 F.3d 92, 94 (1st Cir. 2008) (per curiam), ordered USMS to serve the summonses and complaint; USM-285 forms were promptly mailed to Plaintiff for completion of the summonses. See Text Order of June 14, 2024; ECF No. 4. After a six-week delay, Plaintiff returned the USM-285 forms. For two of them (Defendant Campbell and "ATF Group Supervisor," Brian Person), ECF No. 1 at 2, she provided an address for ATF at 10 Causeway Street, Boston, Massachusetts. ECF Nos. 5, 5-11. For fifteen of them (the two Boston Police Department officers, Defendants Troy and Assad, together with thirteen others), she provided an address for the Boston Police Department at 1 Schroeder Plaza, Boston, Massachusetts. For one (Defendant Brian Delahanty), she provided an address for USMS at 1 Courthouse Way, Boston, Massachusetts. ECF Nos. 5-1 to 5-6, 5-8 to 5-10, 5-12 to 5-17. Based on these addresses, the Court promptly issued the summonses, which were forwarded to USMS for service. ECF Nos. 6 to 6-17.

A little over two months later, on September 29, 2023, all of the summonses were returned unexecuted. ECF Nos. 7 to 7-17. As to Defendant Campbell, the return indicates that

he does not work at the ATF field office identified in the summons and that his location is unknown; the return for the other alleged ATF agent (Defendant Brian Person) indicates that he is no longer employed with ATF in Boston. ECF Nos. 7-7, 7-8. As to the two Boston Police officers who allegedly supervised the search, Defendants Troy and Assad, as well as the thirteen others for whom Plaintiff gave the address for the Boston Police Department at 1 Schroeder Plaza, the returns indicates that they cannot be located or they "do[] not work @ location per BPD HR." ECF Nos. 7 to 7-5, 7-9 to 7-17. As to Defendant Brian Delahanty, the return indicates that he is not a USMS employee or contractor at the USMS Boston office or anywhere in the District of Massachusetts. ECF No. 7-6.

After the summonses were returned unexecuted, for nearly five months, Plaintiff did nothing. Finally, on February 12, 2024, the Court ordered her to submit new summonses with correct addresses within fourteen days and cautioned that her failure to do so "may result in this matter being dismissed for failure to prosecute and to timely serve." Text Order of Feb. 12, 2024. Plaintiff did not comply with this order. Instead, she filed the three motions, Exhibits A and B and the Judicial Notice. In the motions, she asks the Court to allow her more time to serve and to instruct USMS to "take other affirmative action to ensure that Service is effectuated." ECF No. 10; see also ECF No. 8.

In Exhibit A, Plaintiff has attached pages she selected from certain documents "in regards to the execution of the Search warrant." ECF No. 10. These include two pages extracted from the warrant application and pages extracted from the search inventories and the search and arrest incident reports. ECF No. 9. For example, Exhibit A has the first page of the search warrant application, which shows that it was signed by "Daniel Campbell, Special Agent, ATF." ECF No. 9 at 3. Exhibit A includes various "Boston PD" forms that list by last name the individuals

who performed the search under the supervision of Defendants Troy and Assad, as well as other individuals who seemingly were not involved in the search; these "Boston PD" forms are each signed by individuals with no indication as to whether the signing Defendants had any role in the search. Id. at 5-6, 11, 13-14, 17-18. Exhibit A also includes other "Boston PD" forms pertaining to the arrest of Daniel Barbosa that identify those involved with the arrest; most of these do not appear to have been involved with the search of 15 Beacon Street at all.[5] Id. at 11-12. Based on the Court's scrutiny of Exhibit A and the complaint, it appears that Plaintiff has named as a Defendant every individual whose name appears anywhere on any of these forms without regard to whether the individual played some role in the search that is the subject of her claim. Further, only one page of Exhibit A reflects a potential address for a named defendant: the heading of a page labeled as "cover sheet" has a logo for the Boston Police Department, under which is the address that Plaintiff wrote on the fifteen summonses directed to individuals that she alleges were associated with the Boston Police Department. Id. at 17. Otherwise, Exhibit A contains no information regarding the current location of any of the named Defendants.

Plaintiff's other filings – the Judicial Notice and Exhibit B – are more puzzling. ECF Nos. 9-1, 12. They relate to three individuals (John Broderick, Matthew Conley and Conor Hardy) who are not named as defendants. Only one of them (Matthew Conley) is mentioned in the complaint – he is alleged to be the undercover police officer, who engaged in the "stale" drug transaction with Daniel Barbosa in Dorchester, Massachusetts, in 2017. ECF No. 1 at 8; see also id. ¶ 25. Yet Plaintiff's Judicial Notice refers to these three as "Defendants" who she alleges are

---

[5] By way of just one example, a "Boston PD" form describing the arrest of Daniel Barbosa indicates that "US Marshal Brian Delahanty and Boston Police DCU Officer Wayne Brown" transported Daniel Barbosa to "Boston Police Area B-3." ECF No. 9 at 11. Both of these individuals are listed in the complaint as named Defendants with no factual allegations linking them to the search. ECF No. 1 at 3. Based on the Court's scrutiny of Exhibit A, it appears that these two individuals were named as Defendants solely because they are named on this arrest form, even though the arrest was not directly related to the search that is in issue in this case.

employed at an address in Dorchester, Massachusetts.  ECF No. 12.  Since none of them is named as a defendant, the Court has disregarded both the Judicial Notice and Exhibit B.

In her motions, Plaintiff contends that these submissions provide the Court with "accurate information to locate and Summons the Defendants" in that she has informed the Court of the "Specific departments and/or agencies pertaining to the Defendants place of employment" and that she has "attempted to show good cause for failure of providing adequate information for Service in a timely fashion, including the fact that she has trouble reading, writting, and speaking english fluently."  ECF No. 10.

As of this writing, approximately three hundred days have passed since Plaintiff filed this case, it is approaching four years since the subject search of 15 Beacon Street, and the summonses and complaint remain unserved.

## II.   Applicable Law

The law is clear that "[i]t is solely the plaintiff's obligation to serve the defendants timely and properly."  Ryan v. Krause, No. 1:11-cv-00037-JAW, 2012 WL 2921815, at *7 (D.R.I. July 17, 2012) (internal quotation marks omitted).  For a plaintiff who is *pro se* and proceeding IFP, while she continues to shoulder the duty to serve, the court is required to order USMS to serve named defendants, as was done promptly in this case on the next day following the filing of the complaint.  See Laurence, 551 F.3d at 94.  Pursuant to Fed. R. Civ. P. 4(m), service must be completed "within 90 days after the complaint is filed."  In this case, the ninety days to serve ran out on September 11, 2023; as of this writing, the time to serve has not been extended by the Court, except to the extent that the Text Order of February 12, 2024, could be interpreted as an extension.

When service is not properly completed in the time allotted by Fed. R. Civ. P. 4(m), but the plaintiff shows "good cause" for failing to effect service timely, "the court must extend the time for service for an appropriate period." Laurence, 551 F.3d at 94 (internal quotation marks omitted). In this Circuit, a *pro se* plaintiff proceeding IFP "shows good cause when either the district court or the United States Marshals Service fails to fulfill its obligations [to facilitate service] under [28 U.S.C.] section 1915(d) and Rule 4(c)(3)." Id. Indeed, it is an abuse of discretion to dismiss a complaint for insufficiency of process in such circumstance. Id. This is particularly true for a plaintiff who is a prisoner and dependent on USMS to get the pleading served. Baez v. Connelly, 478 F. App'x 674, 675-76 (1st Cir. 2012) (per curiam); see Medina-Claudio v. Pereira, 443 F. Supp. 2d 208, 213 (D.P.R. 2006) ("Given that plaintiff had no control over the service of process on the defendants, we will not dismiss the complaint against the four that were actually served, albeit untimely."). To establish "good cause," a plaintiff must typically "show, among other things, a reason outside his or her control that service could not be completed." Stark v. Town of Rumford, No. 2:20-cv-00066-JDL, 2020 WL 6389185, at *4 (D. Me. Oct. 30, 2020); see Merard v. Pyramid Portland Mgmt. LLC, No. 2:20-cv-00442-JAW, 2021 WL 5500471, at *1, 4 (D. Me. Nov. 22, 2021) (when plaintiff met his obligations by timely providing defendant's updated address, and delay from that point was due to USMS, good cause excuses delay and motion to dismiss based on untimely service denied).

In considering whether good cause is established, district courts should not place too great a burden on IFP litigants as long as the litigant has provided at least full names and a business address. Smith v. Daou, Case No. 21-cv-12056-DJC, 2024 WL 911733, at *10-11 (D. Mass. Mar. 4, 2024). In that event, the court may direct USMS to make reasonable further attempts, including to contact the local headquarters of the agency where the defendant is alleged

8

to be employed. Baez, 478 F. App'x at 676; see, e.g., Richardson v. Johnson, 598 F.3d 734, 740 (11th Cir. 2010) (as long as USMS can locate prison guard defendant with reasonable effort, prisoner-litigants who provide enough information to identify defendant have established good cause); Hoever v. Hampton, Case No. 4:14cv273-WS/CAS, 2015 WL 13849984, at *3 (N.D. Fla. Aug. 7, 2015) (ordering department of corrections to provide addresses for defendant to USMS in confidence); Jones v. Dovery, Civil No. 06-1979 LAB (AJB), 2008 WL 276584, at *2 (S.D. Cal. Jan. 30, 2008) (directing USMS to serve summons and amended complaint on defendant whose address was confidentially known to USMS). For example, in Buford v. Sutten, No. 04C959C, 2005 WL 878540, at *1 (W.D. Wis. Apr. 8, 2005), the court directed USMS to make a "reasonable effort to locate" the defendant by contacting the state agency where she had been employed before retiring and/or by conducting a public records search, as well as to take steps to protect confidential information it might learn regarding her location. Nevertheless,

> [i]t is highly questionable that either court staff or employees of the USMS have a duty to mount an extensive search for and locate a defendant in a civil case for personal service when a plaintiff has failed to provide an address or other sufficient information for service. The propriety might even be questioned of the court, or the USMS at the court's direction, providing free detective service for the party plaintiff in a lawsuit pending before the court.

Leek v. Thomas, No. 09-3036-SAC, 2009 WL 2876352, at *2 (D. Kan. Sept. 2, 2009).

If a plaintiff, particularly one who is not a prisoner, fails to demonstrate either that she has acted with diligence in attempting to serve or that extenuating circumstances explain her lack of diligence, the Court may deny the motion to extend the time to serve. Jonzun v. Est. of Jackson, Civil Action No. 12-12019-DJC, 2014 WL 1214511, at *5-6 (D. Mass. Mar. 24, 2014); see Feliz v. MacNeill, 493 F. App'x 128, 132-33 (1st Cir. 2012) (no error to dismiss complaint by plaintiff who treated deadline to serve as if it meant nothing). Thus, a litigant not impaired by

9

incarceration must make a "powerful showing of good cause to excuse" sluggishness in service of process. Id. Nevertheless, even when a plaintiff has not met her burden of establishing "good cause" for the untimely service, the court retains the discretion to extend the time period. See Ascher v. Duggan, 988 F. Supp. 2d 99, 103 (D. Mass. 2013).

### III.  Analysis

Plaintiff's pursuit of this case has been punctuated by delays, starting with her delay in the filing of the complaint until just days before the statute of limitations would have barred it. This initial delay means that the events in issue occurred years before the USMS began to attempt to locate Defendants, so it is not surprising that they are no longer working at the business addresses Plaintiff supplied in the USM-285 forms. Plaintiff then delayed again, for six weeks, before she returned the forms so that the summonses could issue. See ECF Nos. 4, 5 to 5-18. Next, after the summonses were returned unexecuted by USMS, Plaintiff delayed again, doing nothing for almost five months until the Court ordered her to file summonses with correct addresses within fourteen days or risk dismissal. See ECF No. 7 to 7-17 & Text Order of Feb. 12, 2024. During that extended delay, she did not move to extend the time to serve and she has failed to advise the Court of any efforts made during those months to serve Defendants or of any extenuating circumstances that prevented her from making such efforts. Last, in response to the Court's February 2024 order, instead of attempting to comply with the Court's order, she filed the pending motions and related materials. These filings ask for more time and supply more information but contain nothing new about where the named Defendants may now be located. To the contrary, all that Plaintiff has done is to file selected pages from the materials regarding the search (and arrest of Mr. Barbosa) that seemingly were already in her possession; these simply tell the Court what USMS already knew in making its first attempt to serve: that some

10

Defendants were associated with ATF and most were associated with the Boston Police Department. Critical to whether there is good cause for delay in serving, Plaintiff's filings do not advise the Court of any efforts that Plaintiff herself has made to complete service or to aid USMS in completing service. Although Plaintiff is *pro se* and has qualified for IFP status, she is not a prisoner. Thus, she has consistently been at liberty to investigate and make inquiry in support of her need to make timely service. In addition, while Plaintiff alleges that she has difficulty with English, her written filings are coherent and clear.

The results of Plaintiff's delays are that ten months have passed since her complaint was filed, approximately 190 days have passed since the summonses were returned unexecuted, and approximately 55 days have passed since the Court ordered her to file summonses with correct addresses. Importantly, none of this delay was caused by a failure to fulfill service obligations by the Court, which consistently acted promptly, to instruct USMS to serve and to procure addresses and issue summonses. Nor is the protracted delay attributable to USMS, which the Court finds acted with due diligence to effectuate service; as reflected on the returns, its failed attempts to serve one Defendant at USMS and two Defendants at ATF in Massachusetts were completed within thirty-six days of the delivery by the Clerk's office of the service packages, and its failed attempt to serve anyone at the Boston Police Department was completed just three weeks later. ECF Nos. 7 to 7-17.

Based on these facts, the Court finds that Plaintiff has failed to establish good cause for the delays in serving the complaint that are attributable to her, particularly for the nearly five-month period of complete inactivity after USMS returned the summonses unexecuted. Nevertheless, mindful of Plaintiff's *pro se* status, the Court will afford her one final extension. However, because this is a matter of discretion and mindful of Plaintiff's complete lack of

diligence, the Court will extend the time only for those Defendants who are named in the complaint as having engaged in actionable conduct – Defendants Campbell, Troy and Assad. Since USMS has already made an appropriate attempt to serve each of them at the addresses Plaintiff supplied, the Court will also grant Plaintiff's motions to instruct USMS to make additional reasonable efforts to locate these individuals by inquiring further of ATF and the Boston Police Department, provided that any addresses provided shall be kept in confidence. If any of these Defendants are served and appear, the right of each to argue that service on him was improper because it was out of time is not impaired by this order. Plaintiff is warned that if USMS is unable to effectuate service on any of these three Defendants, the onus remains on her to discover and submit additional information to aid USMS in completing service. See Leek, 2009 WL 2876352, at *3.

    As to the remaining Defendants, because it is questionable that Plaintiff has even stated a claim against them and because of the expense imposed on the public and the burden on USMS's scarce resources to require further investigation to locate them, the Court exercises its discretion to deny the motion to extend and to decline to instruct USMS to make a further attempt. Specifically, for those defendants USMS was unable to locate despite making a timely attempt, who are not mentioned in the complaint but are named only on the forms[6] in Exhibit A (Defendants Brian Person, Michael Connolly, Dennis Crowley, O'Brien, Dennis Cogavin, Bellivue, K Plunkett, Brian Delahanty, William Samaras, Peter C. Kelly, Rossin A Marchetti, Kelly D. Brady, Todd Peterson, Patrick Flaherty, and Wayne Brown), the Court exercises its discretion to decline to extend the time for service of process and to decline to instruct USMS to

---

[6] As previously noted, Exhibit A raises a question as to many of them whether they engaged in the conduct in issue in this case.

make further efforts to try to figure out who they are, where they now might be and how to serve them.

## IV. Conclusion

Based on the foregoing, Plaintiff's motions (ECF Nos. 8, 10, 11) are granted in part and denied in part as follows. Plaintiff's motion to extend time to serve the ATF Defendant Daniel Campbell is granted and the time is hereby extended by thirty days with the instruction to USMS to inquire further of the local ATF office regarding where he may now be located and to keep confidential any address of which it is apprised. Similarly, Plaintiff's motion to extend time to serve Boston Police Department Defendants Mark Assad and Anthony Troy is granted and the time to serve is hereby extended by thirty days with the instruction to USMS to inquire further of the Boston Police Department regarding where they may now be located and to keep confidential any address of which it is apprised. As to each of these three Defendants, if information is learned regarding their present location, within the extended period, USMS is instructed to make a further attempt to serve each of them with the previously issued summonses and the complaint based on the new information; USMS is further instructed to file the return (either proof of service or returned unexecuted) within fourteen days after the end of the thirty-day extension. Otherwise, Plaintiff's motions are denied.

/s/ Patricia A. Sullivan  
PATRICIA A. SULLIVAN  
United States Magistrate Judge  
April 9, 2024